PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SMITH, *et al.*, | ) | |
| | ) | CASE NO. 4:13cv1561 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| METAL SERVICES, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 4; 5] |

This matter is before the Court upon Plaintiffs' Motion to Remand (ECF No. 4) and Motion for Leave to File Fourth Amended Complaint (ECF No. 5). Defendants filed a response (ECF No. 8). For the reasons that follow, the Court grants Plaintiffs' motions and remands the case to state court.

**I.**

Plaintiffs, Ohio residents, commenced this personal injury action in the Trumbull County Court of Common Pleas against Defendant Metal Services, Inc., a Delaware corporation with its principal place of business in Pennsylvania. ECF No. 4 at 3. Plaintiffs allege they were injured as a result of an explosion that took place at a steel plant operated by their employer, Warren Steel Holdings. ECF No. 4 at 2. Plaintiffs allege the explosion occurred when workers employed by Metal Services negligently overfilled an industrial bucket with scrap metal on the premises of Warren Steel Holdings. ECF No. 4 at 2. The scrap was dumped into a massive steel melting furnace, and excess scrap metal from the overfilled bucket spilled over the sides of the furnace thereby damaging a water line. ECF No. 4 at 2. Water from the damaged line poured

(4:13cv1561)

into the furnace where it mixed with molten metal.  ECF No. 4 at 2.  As the heated water converted to steam, the pressurized steam exploded, thereby showering molten metal throughout the furnace room where Plaintiffs were working.  ECF No. 4 at 2.  As a result of the explosion, Plaintiffs sustained burns and other physical and emotional trauma.  ECF No. 4 at 2.

Plaintiffs assert that because they could not properly identify any Defendant pre-suit, they named "John Doe" Defendants and served a subpoena *duces tecum* on Warren Steel Holdings in an effort to determine the identity of the Defendants.  ECF No. 4 at 3.  Thereafter, Plaintiffs filed a Second Amended Complaint, adding the individual David Hoover, a Metal Services employee.  ECF No. 1-4 at 2.  Mr. Hoover was listed as an Ohio resident.  ECF No. 1-4 at 1.  Defendants removed the case to the instant Court based on diversity of citizenship because Mr. Hoover is a Pennsylvania resident.  *See Smith et al. v. Metal Services, LLC et al.*, Case No. 4:13-cv-669, ECF No. 1 at 2-3.

Thereafter, Plaintiffs sought leave of Court to file a Third Amended Complaint.  They stated that responses received from their First Set of Interrogatories identified two employees who were "working at the jobsite," Frank Cook and James Vandesteeg.  ECF No. 4-1 at 4.  Defendants' responses also listed eight other employees, all Ohio residents, who were on the Warren Steel Holdings premises that day.  ECF No. 4-1 at 1.  As a result of Defendants' responses, Plaintiffs moved the Court to allow them to amend the complaint so as to dismiss Mr. Hoover as a Defendant and add employees James Vandesteeg and Frank Cook.  ECF No. 4 at 3; *see also Smith et al. v. Metal Services, LLC et al.*, Case No. 4:13-cv-669, ECF No. 8 at 4.  Frank Cook was identified in Defendants' responses as an Ohio resident.  ECF No. 4 at 3.

(4:13cv1561)

The Court granted Plaintiffs' motion for leave to file the Third Amended Complaint. ECF No. 4 at 3-4. Because the addition of Mr. Cook destroyed diversity, the Court remanded the case to state court. ECF No. 4 at 4.

Thereafter, Defendants again removed the case to the instant Court. In its Notice of Removal, Defendants state that Frank Cook is not a resident of Ohio, but Pennsylvania, and that diversity of citizenship exits because all three named Defendants are Pennsylvania residents or citizens. ECF No. 1 at 3-4. Plaintiffs filed a Motion to Remand and a Motion for Leave to File a Fourth Amended Complaint in order to add all employees identified by Defendants, which will again destroy diversity and necessitate remand. ECF No. 4 at 4-5. In support of its motion for leave, Plaintiffs' counsel filed an affidavit wherein he avers that Defendants' counsel "acknowledged that another employee listed in his Answer to Interrogatory No. 1 was involved in loading the bucket in question, but he could not identify the exact person due to lack of access to payroll records." ECF No. 5-3 at 1. Plaintiffs further state that they have "diligently pursued discovery," but that Defendants have deprived them of the ability to identify the precise employees who were involved in the activities surrounding the explosion. ECF No. 5 at 4-5. As a result, Plaintiffs' proposed Fourth Amended Complaint names all individuals listed in the Answer to Interrogatory No. 1, all of which are Ohio residents. *See* ECF Nos. 4-1 at 2-3; 5-1.

**II.**

Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states. 28 U.S.C. § 1332(a). The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7

3

(4:13cv1561)

U.S. (3 Cranch) 267 (1806).

Special circumstances ensue where amendment of the complaint occurs after removal and has the effect of destroying complete diversity of citizenship for purposes of federal jurisdiction. 14C WRIGHT, MILLER & COOPER, *Federal Practice and Procedure: Jurisdiction* § 3739 (4th ed.). If the amendment will destroy complete diversity, the Court must apply 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In applying the relevant factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989) and *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005), the Court will permit the joinder of all individual Defendants.

Accordingly, Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (ECF No. 5) is granted. Furthermore, the Court finds that it does not have subject matter jurisdiction over the Fourth Amended Complaint (ECF No. 5-1). Therefore, the Court grants Plaintiffs Motion to Remand (ECF No. 4) and remands the case to the Trumbull County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) upon the grounds that the inclusion of the individual Defendants is a violation of the complete diversity rule. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir. 2006) (finding that "[u]pon the order granting [plaintiff's] motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time").

(4:13cv1561)

### III.

In addition to moving the Court to remand the case to state court, Plaintiffs request an award for the costs incurred as a result of this removal. ECF No. 4 at 5-6. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) assigns the district court the discretion whether to award costs and attorney fees. *See Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 258 (6th Cir. 1997).

The Court notes that Defendants filed a brief opposing remand and leave to amend in the instant matter that includes, verbatim, the same text and arguments it asserted in the previously removed case. *See* ECF No. 8 at 4-8; *Smith et al. v. Metal Services, LLC et al.*, Case No. 4:13-cv-669, ECF No. 9 at 1-5. The Court fails to understand why Defendants would assert the same arguments in support of its position when the Court had previously rejected those arguments. Moreover, Defendants' notice of removal in the instant matter is premised upon the same theory as its notice of removal in the prior case— diversity of citizenship.

Most troubling, however, is the email correspondence Plaintiffs present that occurred between Plaintiffs' counsel and Defendants' counsel five days prior to removal, wherein Plaintiffs' counsel states,

> you cannot remove if . . . one of Phoenix's employees who was involved with loading the bucket [] is an Ohio resident (since we can amend again and restore nondiversity). If either or both of these contingencies are met, then I think a second attempt at removal under those circumstances would be improper.

ECF No. 5-3 at 4. As noted, Plaintiffs have not been able to determine which employees were involved with loading the bucket. Defendants were mindful of all the aforestated, and still

(4:13cv1561)

removed the instant case. The Court finds Defendants lacked an objectively reasonable basis for removal, and Plaintiffs' request for fees is well-taken. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (district court has the discretion to award fees when "the removing party lacked an objectively reasonable basis for seeking removal."); *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 1008).

The Court has reviewed the summary of hours and hourly rates presented by Plaintiffs. ECF Nos. 7-1; 7-2. Defendants do not object to the requested hourly rates (David A. Kulwicki, $350.00; John R. Liber, II, $325.00; Nancy H. Burroughs, $180.00) and the Court finds these are reasonable. However, the number of total hours actually expended on the removal of the case (28.15) is excessive. Much of the work was duplicative of the last removal case, obviating the need for counsel to expend hours researching and drafting. Accordingly, the Court reduces the amount of hours to Attorney Kulwicki to seven (7), down from 23, and the total amount of hours to Attorneys Liber and Burroughs to 3.1, down from 5.13. The result is a fee award of $2,450.00 to Kulwicki and $1,007.50 to Liber and Burroghs, for a total of $3,457.50.

**IV.**

For the reasons stated above, the Court grants Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (ECF No. 5). The Clerk of Court shall file the Fourth Amended Complaint (ECF No. 5-1), and service of it and a summons upon the newly joined Defendants shall be attempted by Plaintiffs' counsel immediately. The Court grants Plaintiffs' Motion for

(4:13cv1561)

Remand (ECF No. 4) and remands the case to the Trumbull County Court of Common Pleas.

Furthermore, Defendants shall pay Plaintiffs $3,457.50 for fees and costs related to this action.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 29, 2013 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |